# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CARRIE BRAUN, | ) | CASE NO.  5:12CV1635 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| ULTIMATE JETCHARTERS, INC., | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is defendants' motion, pursuant to Fed. R. Civ. P. 54, for attorney's fees. (Doc. No. 83.) Plaintiff opposes the motion. (Doc. No. 111.) The motion is fully briefed and ripe for resolution.

## I.      BACKGROUND

On June 24, 2012, plaintiff Carrie Braun brought suit against defendants, Ultimate Jetcharters, Inc. ("UJC") and two of its employees, Bob Rossi and Floyd Wells, claiming that her employment as a pilot with UJC was marred by sexual harassment and gender discrimination. Specifically, plaintiff alleged that, during her tenure as UJC's only female pilot, she was subjected to sexually inappropriate remarks and dirty jokes, discriminatory treatment on the basis of her gender, and harassment. She also claimed that she was discharged in retaliation for her complaints of this treatment. Many of the allegations of misconduct and harassment were attributed to Rossi and Wells, both pilots with UJC. In her complaint, plaintiff raised a number of claims, including discrimination

and retaliation under federal and Ohio law, wrongful termination, negligence, and intentional infliction of emotional distress. (Doc. No. 1, Complaint.)

Defendants filed several dispositive motions, and, in two separate memorandum opinions and orders, the Court dismissed the individual defendants and all of plaintiff's claims against UJC, except her retaliation claim under Ohio law. (Doc. No. 25, ruling on defendants' motion for judgment on the pleadings; Doc. No. 68, ruling on defendants' motion for summary judgment.) Following the ruling on summary judgment, defendants moved for attorney's fees for the dismissed claims. (Doc. No. 83.) The Court held the briefing on this motion in abeyance until after trial.

The case proceeded to trial on the remaining state law retaliation claim under Ohio Rev. Code § 4112.02(I). At trial, plaintiff offered evidence that she repeatedly complained to management that Rossi and Wells were harassing her, and that she was terminated shortly after putting these complaints in an email to Dave Parsons, UJC's director of operations. After a five-day jury trial, the jury returned a verdict in favor of plaintiff on her retaliation claim, awarding plaintiff compensatory damages of $70,250.00 and punitive damages of $100,000.00. (Doc. No. 105, Jury Verdict.)

Following the verdict, the parties filed a series of post-trial motions, and briefing was completed on defendants' motion for attorney's fees. On September 27, 2013, UJC filed its notice of appeal. (Doc. No. 129.) On October 3, 2013, the Sixth Circuit filed an appeal remark, wherein it indicated that the appeal "will be held in abeyance until after the district court rules on pending motions, identified under Fed. R.

2

App. 4(a)(4), and jurisdiction transfers to the Sixth Circuit Court of Appeals." (Doc. No. 132 at 2635.)

## II.    UJC'S MOTION FOR ATTORNEY'S FEES[1]

Defendants seek reimbursement for legal fees incurred in connection with the claims dismissed before trial.[2] Plaintiff opposes the motion, insisting that defendants are not entitled to recover any attorney's fees in this case.

Defendants request fees for the dismissed claims as prevailing parties under 42 U.S.C. § 2000e-5(k), which provides, in part: "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . ." The equities of providing attorney's fees to successful plaintiffs are obvious. Prevailing civil rights plaintiffs have "succeed[ed] in remedying a civil rights violation." *Fox v. Vice*, __ U.S. __, 131 S. Ct. 2205, 2213, 180 L. Ed. 2d 45 (2011). "Fee shifting in such a case at once reimburses a plaintiff for 'what it cos[t] [him] to vindicate [civil] rights,' and holds to account 'a violator of federal law[.]'" *Id.* (quoting *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 416, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978)) (internal cite omitted).

A court may also award reasonable attorney's fees to a prevailing defendant-employer in a discrimination suit brought under Title VII. 42 U.S.C. § 2000e-

---

[1] The Court will be issuing a ruling on the remaining post-trial motions after briefing is completed. (*See* Non-document Order, dated January 29, 2014, requesting additional briefing on plaintiff's motion for attorney's fees.)

[2] Defendants had previously filed a trial brief addressing their right to fees. (Doc. No. 78.) Plaintiff filed a motion to strike the trial brief, claiming that it was filed a day late. (Doc. No. 79.) On August 8, 2013, the Court granted defendants leave to replace their trial brief with a motion for attorney's fees. Defendants timely filed the present motion for fees, and plaintiff's motion to strike is, therefore, DENIED.

5(k); *see Christiansburg*, 434 U.S. at 421. However, because the same equities are not implicated when a defendant-employer prevails in an employment discrimination action, fee awards to prevailing Title VII defendant-employers are the exception and not the rule, and are only appropriate where a plaintiff's claim is "frivolous, unreasonable, or groundless, or [where] the plaintiff continued to litigate after it clearly became so." *Christiansburg*, 434 U.S. at 422; *E.E.O.C. v. Peoplemark, Inc.*, 732 F.3d 584, 591 (6th Cir. 2013); *see Lowery v. Jefferson Cnty. Bd. of Educ.*, 586 F.3d 427, 437 (6th Cir. 2009) ("because an award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, it must be limited to truly egregious cases of misconduct") (quotes omitted); *E.E.O.C. v. Trans States Airlines, Inc.*, 356 F. Supp. 2d 984, 1000 (E.D. Mo. 2005) (A court "may not award attorneys' fees to prevailing Title VII defendants except in narrow circumstances.") (cite omitted).

In support of their position that the dismissed claims were frivolous or unreasonably brought or maintained, defendants offer nothing more than the fact that these claims were dismissed before trial, and that only one of many asserted claims survived. However, in considering fee awards to prevailing defendants, the Supreme Court has cautioned trial courts to "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-22. A court's ultimate determination that a claim is not legally sufficient to be presented to a jury does not, alone, merit an award of attorney's fees to a defendant. *See Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985) ("the mere fact that allegations

prove legally insufficient to require a trial does not, for that reason alone, render a complaint groundless under *Christiansburg*") (citing *Hughes v. Rowe*, 449 U.S. 5, 16, 101 S. Ct. 173, 66 L. Ed. 163 (1980) (per curiam)).

"A 'plaintiff should not be assessed his opponent's attorney fees unless the court finds the claim was groundless at the outset or that the plaintiff continued to litigate after it clearly became so.'" *Wilson-Simmons v. Lake Cnty. Sheriff's Dep't*, 207 F.3d 818, 823 (6th Cir. 2000) (quoting *Smythe-Cramer Co.*, 754 F.2d at 183); *see Christiansburg*, 434 U.S. at 422. "This 'requires inquiry into the plaintiff's basis for filing suit. Awards to prevailing defendants will depend on the factual circumstances of each case.'" *Wilson-Simmons*, 207 F.3d at 823 (quoting *Smythe-Cramer Co.*, 754 F.2d at 183). Here, while the Court found that most of plaintiff's claims were legally or factually insufficient to withstand dispositive motions, the same factual allegations supporting these dismissed claims formed the core of plaintiff's successful state law retaliation claim, and were sufficient to warrant a jury award of compensatory and punitive damages at trial.

Indeed, the jury's award, itself, demonstrates that plaintiff's allegations of discrimination and sexual harassment were not entirely baseless. While this Court determined that the facts developed in discovery did not rise to the level of creating a hostile environment, the jury found that plaintiff had both a subjective and objective good faith belief that she was reporting unlawful gender discrimination and/or sexual harassment immediately prior to her discharge. (Doc. No. 106, Jury Interrogatory No. 3, at 1150.) Because the unsuccessful claims shared a core of common facts with plaintiff's successful retaliation claim, the Court cannot find that the dismissed claims were

frivolously brought or unreasonably maintained. *See also Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, 421 F.3d 417, 423 (6th Cir. 2005) (refusing to reduce a fee to plaintiff for unsuccessful claims where the successful and unsuccessful claims shared a "common core of facts" or were "based on related legal theories") (quote omitted).

Nor can defendants get much mileage out of the fact that ten of the eleven claims in the complaint failed to survive motion practice. The Sixth Circuit has warned that "a court should not measure a plaintiff's success simply by using a ratio of successful claims to claims raised." *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 822 (6th Cir. 2013) (ruling on plaintiff's motion for fees); *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 554 (6th Cir. 2008) ("We have repeatedly rejected mechanical reductions in [plaintiff's] fees based on the number of issues on which a plaintiff has prevailed.") (quote omitted). "Good lawyering as well as ethical compliance often requires lawyers to plead in the alternative[.]" *Jordan v. City of Cleveland*, 464 F.3d 584, 604 (6th Cir. 2006) (cite omitted). The fact that these factual allegations more effectively supported plaintiff's retaliation claim than her other alternative theories for relief does not diminish the final result or dilute the strength of these underlying facts. Because the Court cannot find that the dismissed claims were frivolous or unreasonably brought or maintained,

defendants are not entitled to fees.[3]

Plaintiff urges the Court to go one step further. Citing *Balmer v. HCA, Inc.*, 423 F.3d 606 (6th Cir. 2005), plaintiff argues that even if the dismissed claims were frivolous, defendants are not entitled to an award of fees, as a matter of law, because plaintiff prevailed on at least of part of her case. *Id.* at 617 ("[I]t is an abuse of discretion to award attorneys' fees to a prevailing defendant where any part of the plaintiff's cause of action was not frivolous.") Plaintiff's argument goes too far, and misstates the current state of the law.

The decision in *Balmer* was abrogated by the 2011 Supreme Court decision in *Fox*. Addressing a split in the circuits as to "whether and to what extent a court may award fees to a defendant . . . when a plaintiff asserts both frivolous and non-frivolous claims[,]" the Court found that the presence of a meritorious claim does not necessarily insulate the plaintiff who also brings frivolous claims. 131 S. Ct. at 2212-14. Rather, the Court ruled that in a suit "involving both frivolous and non-frivolous claims, a defendant may recover the reasonable attorney's fees he expended solely because of the frivolous allegations. And that is all." *Id.* at 2218. The Court further observed that separating the "wheat" of time spent successfully defending frivolous claims from the

---

[3]Defendants do not suggest that the Court should consider the request of Rossi and Wells for fees in a different light merely because they were dismissed entirely from the lawsuit. Though the record clearly established that they did not participate in the decision to discharge plaintiff, and, thus, could not be sued for retaliation, their alleged conduct—conduct the jury could have found sufficient to cause plaintiff to believe that she was the victim of gender discrimination/sexual harassment—likely contributed to the jury's verdict. Additionally, it was only after discovery that defendants were able to demonstrate that Rossi and Wells were not supervisors and could not be held liable under Title VII. (*Compare* Doc. No. 25 at 186-88; *with* Doc. No. 68 at 674-75.)

"chaff" of time spent unsuccessfully defending other claims can be a daunting task. *Id*. at 2215-17.

    For defendants, a finding that the dismissed claims were frivolous would not change the outcome under *Fox* because defendants cannot demonstrate that any of the fees they incurred defending the present lawsuit would not have been paid but for the dismissed claims. All of the evidence presented concerning discriminating and harassing treatment of plaintiff in the workplace also had a direct bearing on her state law retaliation claim. *See Waldo*, 726 F.3d at 822 (evidence of plaintiff's treatment in the workplace related equally to successful sexual harassment claim and unsuccessful discrimination and retaliation claims). Because all of the claims share a common core of operative facts, the vast majority of time spent defending the dismissed claims was indivisible from the time spent defending the one meritorious claim. *See generally Fox*, 131 S. Ct. at 2217 ("It therefore seems likely that [defendant's] attorneys would at least have conducted similar fact-gathering activities—taken many of the same depositions, produced and reviewed many of the same documents, and so forth."); *see, e.g., Torres v. Arcos Dorados De P.R. Inc.*, Civil No. 11-1214 (JAF), 2013 WL 393485 (D.P.R. Jan. 30, 2013) (in employment action where some of plaintiff's claims were dismissed as frivolous, defendants could not demonstrate that any of their fees would have been expended but for the frivolous claims). While the Court does not believe that any of plaintiff's dismissed claims were frivolous, the fact that defendants would have incurred the same fees without the dismissed claims in the lawsuit serves as an additional reason to deny defendants fees.

For all of the forgoing reasons, defendants' motion for attorney's fees is

DENIED.

**IT IS SO ORDERED**.

Dated: February 10, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

9