# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CARRIE BRAUN, | ) | CASE NO. 5:12-cv-1635 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| ULTIMATE JETCHARTERS, INC., | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter comes before the Court upon the motion of plaintiff Carrie Braun ("plaintiff" or "Braun") for attorney's fees and costs incurred in connection with her appeal. (Doc. No. 192 ["Mot."].) Defendant Ultimate Jetcharters Inc. ("defendant" or "Ultimate Jetcharters") has opposed the motion (Doc. No. 195 ["Opp'n"]), and plaintiff has filed a reply. (Doc. No. 196 ["Reply"].) Without leave, plaintiff subsequently filed two additional affidavits in support of her motion for fees. (*See* Doc. No. 198.) Defendant opposes plaintiff's unauthorized filing of additional materials in support of her motion for fees. (Doc. No. 199 ["Sur-reply"].) For the reasons that follow, plaintiff's motion for fees and costs on appeal is denied.

The factual and procedural background of this employment discrimination and retaliation case has been addressed in numerous opinions and orders, and familiarity with these rulings is presumed. For purposes of framing the present motion for fees, it is sufficient to note that, on July 30, 2014, this Court entered judgment awarding plaintiff $70,250.00 in compensatory damages, $100,000 in punitive damages, and $97,393.75 in attorney's fees. The award of compensatory and punitive damages followed a five-day jury trial wherein the jury found in

favor of plaintiff on her state law retaliation claim. The Court granted plaintiff attorney's fees associated with the trial in this matter pursuant to Ohio law that permitted the issuance of reasonable attorney's fees upon the a jury award of punitive damages. (Doc. No. 163 (Memorandum Opinion and Order ["MOO"]) at 2998.) [1]

Plaintiff subsequently moved, under Fed. R. Civ. P. 60(a), to amend the judgment to correct the misnomer of Ultimate Jetcharters. On November 20, 2014, Attorney Donald C. LeRoy entered an appearance on behalf of plaintiff. (Doc. No. 180 (Notice).) The Court granted the motion on March 31, 2015, and the Court's amended judgment, including the initial award of attorney's fees, was affirmed by the Sixth Circuit on July 8, 2016. (Doc. No. 191.)

On July 20, 2016, plaintiff filed a motion in the Sixth Circuit seeking to recover $30,577.70 in attorney's fees and costs incurred after November 24, 2014 to the date of the motion. (*Braun v. Ultimate Jetcharters*, *LLC*, Case Nos. 13-4145, 14-3816, 15-3462, Doc. No. 83.) The following day (July 21, 2016), plaintiff filed a virtually identical in this Court, seeking to recover the same amount of attorney's fees and costs for the same post-judgment and appellate work.[2] In fact, plaintiff advanced the same arguments and relied on the same case authority and documentation to support her request for the exact same relief in both courts.

In support of her request for post-judgment and appellate fees, plaintiff maintains that she is entitled to an award of attorney's fees for "work incurred relating to the appeal." (Mot. at 3235, citations omitted.) Citing Sixth Circuit law, and relying on the familiar lode-star method

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system. Further, unless otherwise noted, all docket numbers refer to the docket maintained by this Court.

[2] The only differences between the two motions were limited to a slight variation in language used to reflect the posture of the parties in each court, such as the use of the term "Plaintiff-Appellee" instead of "Plaintiff."

for calculating reasonable attorney's fees, plaintiff argues that the number of hours expended by current counsel (121.10), multiplied by an hourly rate of $250, yields a reasonable rate for which she should be allowed to recover from Ultimate Jetcharters. (*Id*. at 3236.)

In its brief in opposition, defendant argues that the initial award of fees was only permitted under Ohio law because it was tied to the jury's award of punitive damages. Defendant posits that there is no basis under Ohio law for an award of fees on appeal, and cites the decision in *Shimman v. Int'l Union of Operating Eng'rs, Local 18*, 744 F.2d 1226 (6th Cir. 1984) for support. In *Shimman*, the Sixth Circuit held that Ohio law did not support an award of fees on appeal in the absence of a fee shifting statute or a finding of bad faith. *Id*. at 1238. In her reply, plaintiff acknowledges the ruling in *Shimman*, but argues that the ruling is distinguishable on the facts and the law because "Ohio law has evolved since *Shimman* was decided in 1984." (Reply at 3261.)

On September 12, 2016, the Sixth Circuit denied plaintiff's motion for attorney's fees. (*Braun v. Ultimate Jetcharters, LLC*, Case Nos. 13-4145, 14-3816, 15-3462, Doc. No. 200.) In denying fees on appeal, the Sixth Circuit noted that it "disagree[s] with Plaintiff that Ohio common law has evolved to allow the recovery of fees accrued on appeal where fees were awarded in the trial court pursuant to a punitive damages award." (*Id.* at 3303.) Instead, the Court observed that Ohio law continues to resist expanding the exceptions to the American Rule that parties are responsible for their own fees, and fails to support an award of fees on appeal in this case. (*Id*. quoting *LaFarciola v. Elbert*, No. 08CA 009471, 2009 WL 2858059, at ¶ 14 (Ohio Ct. App. Sept. 8, 2009)).

The Sixth Circuit's ruling and the case law it cites in support are dispositive of plaintiff's

identical request for fees in this Court. There is no basis upon which to award plaintiff the relief she seeks and accordingly, her motion for attorney's fees and costs is denied.

**IT IS SO ORDERED**.

Dated: March 10, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**